# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

DARREN DAVID RIGGS, )
)
    Petitioner, )
)
v. ) Case No. CV415-057
)
WARDEN, WARE STATE PRISON, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

Darren David Riggs has filed a second 28 U.S.C. § 2254 petition challenging his guilty-plea conviction and thirty-year sentence for, *inter alia*, drug distribution and child molestation.[1] Doc. 1. In 2013, the Court dismissed his first § 2254 petition on ripeness and exhaustion grounds. CV413-134, doc. 20, *adopted*, doc. 24, *appeal denied*, doc. 34. There he had "simultaneously filed" a state habeas petition challenging the same Chatham County, Georgia conviction. Doc. 1 at 4. Plus, his appeal from *Riggs* to the United States Supreme Court was still pending. *Id.* at 5.

---

[1] *See Riggs v. State*, 319 Ga. App. 189, 189-90 (2012).

Upon preliminary review of this second petition under Rule 4 of the Rules Governing Section 2254 Cases, relief must be denied. Riggs says that he filed a "state habeas court" proceeding on March 26, 2013. CV415-057, doc. 1 at 3. The docket number that he supplies for that filing --"2013-CV-609" -- coincides with the state habeas petition that he previously announced that he was "simultaneously" filing with his last § 2254 petition. What became of that case? "The Court has Refused to Provide a Hearing," he says. Doc. 1 at 3.

Riggs also represents that he took an unsuccessful interlocutory appeal of that case to the Georgia Supreme Court on September 11, 2013. *Id.* That court denied it on October 2, 2013. Doc. 1 at 4 ("Dismissal for failure to [comply with O.C.G.A. §] 5-6-34(b)").[2] Confusingly, Riggs notes another state habeas proceeding in the "Superior Court of Lowndes County," again citing case number "2013-CV-609," but it, too has been "pending for 2 years -- denial of due process." *Id.* at 5-6; *see also id.* at 7 (same); *id.* at 9 (same); *id.* at 11 (same); *id.* at 13 (same). The

---

[2] That is Georgia's interlocutory appeal procedure, and it requires the lower court judge's certification, O.C.G.A. § 5-6-34(b), or the satisfaction of other legal criteria. *Bradberry v. State*, 315 Ga. App. 434, 436 (2012) ("Under the collateral order doctrine, an order that is not a final judgment may be appealed without compliance with the interlocutory appeal procedure provided in OCGA § 5-6-34(b) if the order appealed [meets specified conditions]").

Court will disregard this as an unrelated rump proceeding, if not a transpositional error (the conviction challenged here occurred in *Chatham* County, not Lowndes County, and it defies belief that it would have the same case number as the earlier-noted habeas proceeding). At bottom, then, Riggs is unclear whether he has exhausted his state remedies.

Meanwhile, this Court enforces § 2254's exhaustion requirements. "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254], if he has the right under the law of the State to raise, by *any* available procedure, the question presented." 28 U.S.C. § 2254(c) (emphasis added). Riggs thus must first present all of his federal claims to the state courts, *O'Sullivan v. Boerckel*, 526 U.S. 838, 839 (1999), and give them "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845; *Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) (state habeas petitioner must seek a certificate of probable cause from the Georgia Supreme Court to exhaust his state remedies); *cf. Hills v. Washington*, 441 F.3d 1374, 1375 (11th Cir. 2006) (on *direct* review, a defendant

exhausts all available state remedies by appealing to the Georgia Court of Appeals). But the exhaustion doctrine does not require a petitioner to seek state collateral review of issues already raised on direct appeal. *Castille v. Peoples*, 489 U.S. 346, 350 (1989) ("once the state courts have ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review"); *Mason v. Allen,* 605 F.3d 1114, 1119 (11th Cir. 2010) (petitioner must present his claims "to the state's highest court, either on direct appeal or on collateral review"); *Walker v. Zant*, 693 F.2d 1087, 1088 (11th Cir. 1982) ("The exhaustion requirement . . . does not require the prisoner to seek collateral review from the state judiciary of the same issues already raised on direct appeal."); *White v. Georgia*, 2008 WL 2620185 at * 5 (S.D. Ga. Jun. 30, 2008) (exhaustion "may be accomplished either through direct review or a state habeas corpus petition, so long as the prisoner has invoked 'one complete round of the State's established appellate review process.'").[3]

---

[3] A petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available. *McNair v. Campbell*, 416 F.3d 1291, 1305 (11th Cir. 2005) ("It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure also constitutes a procedural bar."); *Brown v. Walker*, 2011 WL 3205738 at * 5 (S.D. Ga. Jun. 14, 2011). Simply put, if a claim

Here Riggs, proceeding *pro se*, fails to clearly show whether he has exhausted his claims. If anything, he has confused the issue with poor writing and by citing to a state habeas proceeding in a county with no connection to his case. Nevertheless, a review of the *Riggs* appellate opinion shows that he already presented most of his claims to Georgia's highest court (he unsuccessfully appealed the Georgia Court of Appeals decision to the Georgia Supreme Court). As for the rest, this Court is free to "deny even the unexhausted claims on the merits. 28 U.S.C. § 2254(b)(2)." *Espinal v. Lee*, 2014 WL 5643418 at * 8 (S.D.N.Y. Nov. 3, 2014); *Jones v. Grounds*, 2014 WL 5475100 at *4 (C.D. Cal. Oct. 8, 2014); § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

---

has not been "fairly presented in the state courts, it is procedurally defaulted." *Jones v. Campbell*, 436 F.3d 1285, 1304 (11th Cir. 2006). And "fairly presented" means more than the mere passing reference to a constitutional claim. *Ramos v. Sec'y, Fla Dept. of Corr.*, 441 F. App'x 689, 696 (11th Cir. 2011) (no exhaustion where petitioner made only passing reference to federal law in his state appellate brief); *Allen v. Barrow*, 2011 WL 7004197 at * 3-4 (N.D. Ga. Dec. 16, 2011).

The Court exercises its discretion to reach all of Riggs' claims, and do so in light of the special deference due state court determinations.[4] In Ground One, Riggs complains that the trial court erred in denying his request to represent himself at trial. Doc. 1 at 5. Some background: "[I]n September 2008, Riggs was charged with three counts of delivery and distribution of cocaine OCGA § 16-13-30(b)); one count of criminal attempt to commit child molestation (OCGA §§ 16-4-1, 16-6-4(a)(1)) [and various other counts]." *Riggs*, 319 Ga. App. at 189-90. Appointed counsel brought him a plea deal that he rejected. But on the day of trial Riggs accepted a second, less favorable deal. *Id.* at 190-91.

Taking that second deal, "Riggs testified under oath that he understood the charges of the indictment, the rights that he was waiving by entering the guilty plea, the sentencing ranges for the charged offenses, and the conditions of probation. Riggs further affirmed that no promises or threats had been made in exchange for his guilty plea, and that he was satisfied with his counsel's services. The trial court accepted Riggs's guilty plea, and imposed a total sentence of 50 years to serve 30

---

[4] "The state court's decision is . . . entitled to deference under § 2254(d). Thus, in order to prevail on [each] claim, [Riggs] must show that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d)(1)." *Plasencia v. Sec'ty, Fla. Dept. of Corr.*, 2015 WL 1446830 at * 2 (11th Cir. Apr. 1, 2015) (cite omitted).

years in prison, along with general and special conditions of probation." *Riggs*, 319 Ga. App. at 191. "Following oral pronouncement of the sentence, Riggs filed a motion to withdraw his guilty plea. Following an evidentiary hearing, the trial court denied Riggs's motion." *Id*. The trial court denied that and the appellate court affirmed. *Id*.

In denying one of Riggs' claimed errors on appeal -- that he should have been granted bond -- the *Riggs* court ruled that "[o]nce a defendant solemnly admits in open court that he is, in fact, guilty of the offense charged, he generally may not thereafter raise independent claims that occurred prior to the entry of his guilty plea." *Riggs*, 319 Ga. App. at 191 (quotes and cite omitted). Only jurisdictional claims remained (those challenging the power of the court to act at all), and that wasn't one of them. *Id*. That state law rule comports with federal law. *See United States v. White*, 136 F. App'x 227, 228 (11th Cir. 2005) ("A district court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea."). Put another way, Riggs waived his self-representation claim by pleading guilty. So, putting aside any sort of procedural default

or timeliness issues,[5] his claim fails as a matter of law. Note, for that matter, that *Riggs* denied his self-representation claim on untimeliness grounds (as Riggs failed to timely raise it in the trial court), *Riggs*, 319 Ga. App. at 192, and Riggs fails to plead how this ruling is unreasonable or otherwise violated his federal constitutional rights.

The guilty-plea waiver and untimeliness grounds also neutralize Ground Two (that the denial of his right to self-representation "forced counsel not of his choosing," etc.), doc. 1 at 6; part of Ground Four (his trial counsel was ineffective[6] "by way of abandonment to the request of

---

[5] This Court normally applies § 2254(d)'s deference standard and upholds all procedural defenses like procedural default, untimeliness, etc. But it can take a *de novo* shortcut:

> Insofar as it aids the court in deciding these complex cases, it is not unusual for this Court to affirm the denial of § 2254 relief after conducting *de novo* review without resolving whether [2254(d)] deference applies. *See, e.g., Wellons v. Warden*, 695 F.3d 1202, 1213 (11th Cir. 2012); *Owen v. Fla. Dep't of Corr.*, 686 F.3d 1181, 1201 (11th Cir. 2012); *Trepal v. Sec'y, Fla. Dep't of Corr.*, 684 F.3d 1088, 1109–10 (11th Cir. 2012); *Payne v. Allen*, 539 F.3d 1297, 1318 n. 18 (11th Cir. 2008).

*Smithers v. Sec'y, Fla Dept. of Corr.*, 2012 WL 6570831 at * 1 n. 1 (11th Cir. Dec. 17, 2012); *see also Barriner v. Sec'y, Fla Dept. of Corr.*, 2015 WL 896347, *4 (11th Cir. Mar. 4, 2015); *Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 753 (11th Cir. 2010) ("[E]ven if no deference were due the state collateral trial court's decision on [*Strickland's*] performance element, we would conclude on *de novo* review that [the petitioner] had failed to establish it.").

[6] On ineffective assistance claims the Court is otherwise guided by *Hill v. Lockhart*, 474 U.S. 52 (1985), which applied the *Strickland v. Washington*, 466 U.S. 668, 687

self-rep."), *id.* at 10; and all of Ground Five (trial court violated his Sixth Amendment right by "forcing" counsel upon him). In the remainder of Ground Four, Riggs faults his lawyer for failing to investigate his case and prepare a defense, doc. 1 at 10, but that claim also was waived by his guilty plea *and* fails for lack of factual-pleading support. *See Jones v. United States*, 2015 WL 464243 at * 1 n. 2 (S.D. Ga. Jan. 28, 2015).[7]

---

(1984), two-part test for determining whether counsel performed ineffectively in the plea context. Where a movant enters a plea of guilty and then collaterally challenges it as involuntary due to constitutionally deficient representation, he must first demonstrate that his attorney's performance was deficient, which requires a showing that counsel's advice regarding the plea was outside the "range of competence demanded of attorneys in criminal cases." *Hill*, 474 U.S. at 56 (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see Tollett v. Henderson*, 411 U.S. 258, 267 (1973). Then he must demonstrate that the defective performance prejudiced the plea process to such a degree that the plea cannot be trusted. *Hill*, 474 U.S. at 59. To meet the prejudice prong in this context, petitioner must show that there is a reasonable probability that but for counsel's errors he would not have pled guilty and would have insisted on going to trial. *Id.*; *see also Winthrop-Redin v. United States*, 767 F.3d 1210, 1219 (11th Cir. 2014).

[7] Conclusory and "laundry-listed" claims simply go nowhere:

> Those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

Finally, Riggs raises a *Frye* claim[8] in Ground Three -- that "trial counsel provided incomplete plea to the petitioner that he was amenable to; causing the subsequent plea to be involuntary[, thus] violating the [Sixth Amendment]." Doc. 1 at 8. Although Riggs claims to have attached "Certified Copies of the State Court Records," *id.*, he fails to articulate just what plea offer was lost or mishandled by counsel. Again, petitioners must *plead* all supporting facts. And they must also argue their claims; this Court will not do that for them. Hence, this claim fails on pleading grounds alone. Additional grounds support denial of that claim. The *Riggs* court reached it on the merits:

---

*Hopkins v. United States*, 2014 WL 2624425 at * 1 n. 3 (S.D. Ga. June 12, 2014).

[8] *See Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012), which held that defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms that may be favorable to the accused, prior to the offer's expiration; counsel's failure to do that satisfies the deficient performance prong of the *Strickland* standard. 132 S. Ct. at 1409. To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, a defendant must demonstrate a reasonable probability that: (a) he would have accepted the earlier plea offer had he been afforded effective assistance of counsel; and (b) the plea would have been entered without the prosecution canceling it or the trial court refusing to accept it, if they had the authority to exercise that discretion under state law. *Id.* At bottom, "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, ___ U.S. ___, 132 S. Ct. 1376, 1387 (2012). *Frye* was decided before *Riggs*, but is not mentioned in *Riggs*, and the briefs from *Riggs* are not before this Court, so it is not known if *Frye* was expressly cited to that court.

> Riggs asserts that trial counsel was ineffective for presenting incomplete plea offers, which hindered Riggs's ability to make a sound decision. There is no merit to his claim.
>
> At the hearing on Riggs's motion to withdraw his plea, trial counsel testified that he visited Riggs on multiple occasions to discuss the merits of the plea offers made by the State. While trial counsel admitted that he did not present a complete plea offer to Riggs on one occasion, trial counsel explained that Riggs was not interested in accepting any plea offer at the time. Notwithstanding Riggs's claim that trial counsel lied about their communications, "[t]he trial court was authorized to believe counsel's testimony over [Riggs's]. Thus, [Riggs] has demonstrated no deficient performance in connection with the plea offer." (Footnote and punctuation omitted.) *Allen v. State*, 302 Ga.App. 190, 192(2)(a), 690 S.E.2d 492 (2010).

*Riggs*, 319 Ga. App. at 195. Riggs has failed to show that this ruling is unreasonable within the meaning of 28 U.S.C. § 2254(d).

Accordingly, Darren David Riggs' § 2254 petition should be **DENIED**. Applying the Certificate of Appealability ("COA") standards, the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, since there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3). Finally, the Court **DENIES** as moot Riggs' motion to proceed *in forma pauperis* (doc. 2) because he has paid the $5 filing fee.

**SO REPORTED AND RECOMMENDED** this 13th day of May, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA