FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

AUG 12 2015

CLERK _B.W._
SO. DIST. OF GA

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

DARREN DAVID RIGGS, )
)
    Petitioner, )
)
v. ) CASE NO. CV415-057
)
WARDEN - WARE STATE PRISON, )
)
    Respondent. )
_____ )

# O R D E R

Before the Court is Petitioner's Motion Under Rule 60(b) and to Amend Habeas Corpus Petition Under Rule 15(a). (Doc. 12.) Federal Rule of Civil Procedure 60(b) permits the Court to relieve a party from a final judgment, order, or preceding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

After a careful review of Petitioner's motion and the record in this case, the Court concludes that Petitioner is

not entitled to relief under Rule 60(b). Accordingly, this portion of Petitioner's motion is **DENIED**.

Petitioner also seeks to amend his complaint as a matter of right pursuant to Federal Rule of Civil Procedure 15(a). However, the Eleventh Circuit Court of Appeals has "adopt[ed] the rule that after a complaint is dismissed the right to amend under Rule 15(a) terminates." Czeremcha v. Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO, 724 F.2d 1552, 1556 (11th Cir. 1984). Because Petitioner first moved to amend after the dismissal of his complaint, this portion of Petitioner's motion must also be **DENIED**.

SO ORDERED this 12th day of August 2015.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA